UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mark A. Dempewolf,

        Plaintiff,

v.

Aetna Life Insurance Company,

        Defendant.

**COMPLAINT**

The Plaintiff in the above entitled action, as and for his Complaint against the above-named Defendant, states and alleges as follows:

**NATURE OF ACTION, JURISDICTION, PARTIES AND VENUE**

1. The present action is a claim for long-term disability benefits and arises under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (ERISA).

2. Plaintiff, Mark A. Dempewolf, is an individual who, at all times relevant, resided in the County of Freeborn, State of Minnesota. At all times relevant hereto, Plaintiff was an employee of Truth Hardware.

3. At all times relevant hereto, through his employment, Plaintiff was a participant in the group long-term disability insurance policy, Group Control No. 0473288 issued by Aetna Life Insurance Company (Aetna).

4. As this action involves an employee benefit plan governed by ERISA, this Court has jurisdiction of this matter pursuant to 29 U.S.C. § 1132(e)(1).

5.  Defendant Aetna is the insurer and is liable for any benefits under the Policy. Defendant Aetna is a corporation which conducts and transacts insurance business within the State of Minnesota. Aetna is not registered as a foreign corporation with the Minnesota Secretary of State's office and has no agent for service of process appointed in the State of Minnesota. Aetna is licensed by the Minnesota Department of Commerce to conduct insurance business in the State of Minnesota. The current mailing address of Aetna as registered with the Department of Commerce is:

> Aetna Life Insurance Company
> 151 Farmington Avenue, Rt 21
> Hartford, CT  06156

6.  Defendant is a claim fiduciary and determines eligibility for benefits under the terms of the Policy.

## RECITATION OF FACTS

7.  At all times relevant hereto, Plaintiff was employed by Truth Hardware as a machinist.

8.  Through his employment, Plaintiff was a participant in a group long-term disability Policy issued by Defendant.

9.  In 2011, Plaintiff was caused to cease working due to adverse health conditions. It is the opinion of his medical providers that he was and remains unable to perform the material and substantial duties of his own occupation or any occupation as defined in the Policy.

10. Plaintiff timely applied for and was approved short and long-term disability benefits following the mandatory elimination period.

11. In reviewing his eligibility for ongoing benefits in 2013, Aetna scheduled Plaintiff to attend an Independent Medical Examination (IME) with a physician of their choosing. Plaintiff attended the IME. The hired physician, however, did not show for the IME. Plaintiff's benefits continued without interruption.

12. Despite Plaintiff and his physician providing continued proof of his disability and without evidence of a change in his condition for the better, Defendant again scheduled an IME to take place in 2014 nearly 100 miles from his residence. Plaintiff informed Defendant that he was being evaluated for surgery and had significant additional restrictions and limitations which would render it difficult for him to participate in the IME. Plaintiff also informed Defendant that it would be difficult for him to travel nearly 100 miles each way to attend the IME. Defendant required and Plaintiff did attend the IME.

13. The hired physician stopped the IME in 2014 as Plaintiff informed him that he was not comfortable proceeding with the parts of the examination which were outside of his restrictions. The IME physician then informed Defendant that he would suggest getting a review of the records.

14. Defendant failed to obtain a review of the records and instead denied Plaintiff's benefits effective January 16, 2015 as, Defendant claims, Plaintiff refused to participate in the rescheduled IME.

15. Plaintiff timely appealed this decision with additional medical, testimonial, SSDI and VA disability evidence. On appeal, Plaintiff reiterated that he would voluntarily

attend another IME with the request that it honor his restrictions and limitations, as well as be within reasonable proximity to his residence.

16. While reviewing Plaintiff's appeal, Defendant completed paper reviews with physicians of their choice. These reviews revealed significant limitations. Nevertheless, Defendant identified several abstract occupations which they claim Plaintiff could perform.

17. Via letter dated November 16, 2015, Plaintiff was informed that the denial of his benefits beyond January 16, 2015 were being upheld and that he had exhausted his administrative remedies.

## CLAIM FOR RECOVERY OF BENEFITS AND ENFORCEMENT OF PLAINTIFF'S RIGHTS UNDER ERISA

18. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding Paragraphs.

19. Defendant has violated the clear and unambiguous terms of the applicable Policy, ERISA and applicable regulations in ignoring the facts of Plaintiff's case as a whole, including but not limited to his disabling health conditions, his vocational history, the decisions of the VA and the SSA, and in denying Plaintiff's claims for ongoing long-term disability benefits.

20. As a proximate result of Defendant's violation of ERISA, applicable regulations and the terms of the Policy, Plaintiff has been harmed and deprived of benefits due under the terms of the Policy.

21.     Plaintiff is entitled to legal and equitable relief as a result of Defendant's violations of ERISA, applicable regulations and the terms of the Policy, including, but not limited to payment of long-term disability benefits wrongfully denied under the terms of the Policy, together with appropriate interest; and, an order for all other appropriate relief including attorneys' fees and costs.

22.     Should it be determined the Policy failed to unambiguously grant discretionary authority on Defendant to interpret the terms of the Policy and determine eligibility for benefits, the Court should conduct a de novo review of Defendant's decision.

WHEREFORE, Plaintiff demands judgment against Defendant for an Order from the Court determining that Defendant's decision to deny long-term disability benefits was in violation of the Policy and applicable law, and for the sum of his past long-term disability benefits as provided in the Policy, as well as future benefits so long as he remains disabled in accordance with the terms of the Policy, together with interest, penalties, attorneys' fees, costs and disbursements in this action, as well as other equitable relief and penalties pursuant to ERISA and otherwise as provided by law.

Dated this 20th day of January, 2016.

**BEEDEM LAW OFFICE**

*/s Alesia R. Strand*

_____
Thomas J. Beedem (19668X)
Alesia R. Strand (0332884)
222 South Ninth Street, Suite 1600
Minneapolis, MN  55402
(612) 305-1300  Phone
(612) 339-5765  Facsimile

ATTORNEYS FOR PLAINTIFF